# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2018

Lyle W. Cayce
Clerk

VICKI-LOU GRACE NOVAK,

Plaintiff - Appellant

v.

CHICAGO TITLE OF TEXAS, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-939

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Vicki-Lou Grace Novak sued her previous employer Defendant–Appellee Chicago Title of Texas, L.L.C., for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623. Chicago Title filed a motion for summary judgment, which the district court granted. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50040

## I.

Chicago Title employed Vicki-Lou Grace Novak as an escrow officer for 17 years. Novak primarily closed real estate transactions and was required to follow all federal and state laws regarding such transactions, including regulations issued by the U.S. Department of Housing and Urban Development ("HUD"). Under HUD rules, Novak was required to obtain lender approval of HUD settlement statements prior to closing. After attending a training session in 2010, she knew that such a statement had to "match[] the financial terms of the contract or the checks that were being issued." She also understood that her job "would be in jeopardy" if she did not comply with HUD rules and company policy pertaining to settlement statements.

In 2013, Novak closed a transaction even though she knew she "had an incorrect HUD statement," resulting from an error in pro-rating some homeowners' dues. On May 3, 2013, Novak met with Todd Rasco, supervisor of the office, and Bill Lester, Director of Residential Marketing. Rasco became aware of Novak's error through another employee, and at that meeting, Novak admitted to the error. Rasco stated that he did not want such an error to occur again and that Novak needed to slow down and pay more attention to the details. After the meeting, Rasco sent an email to Chris Hodges, the human resources administrator, documenting what had occurred, and Novak contacted the lender to correct the error.

Three days later, Novak met with Rasco and Hodges. Rasco said to Novak that "he had given the situation some thought over the weekend and he thought it best [he and Novak] go [their] separate ways." At that meeting, Novak was terminated. Subsequently, in September 2016, Novak sued Chicago Title for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Chicago Title filed a motion for summary judgment, which the district court granted. Novak appealed.

No. 18-50040

## II.

We review de novo a district court's grant of summary judgment. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Under the ADEA, it is unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 349–50 (5th Cir. 2005) (quoting 29 U.S.C. § 623(a)(1)). A plaintiff establishes a prima facie case of age discrimination by showing that (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of discharge; and (4) she was either (i) replaced by someone younger or outside the protected class or (ii) treated less favorably than similarly situated younger employees. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015); *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003), *aff'd on other grounds*, 544 U.S. 228 (2005).

"If the plaintiff successfully makes out a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the termination." *Goudeau*, 793 F.3d at 474. The plaintiff must then "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (quoting *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 231 (5th Cir. 2015)). "A plaintiff may show pretext 'either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of

No. 18-50040

credence."""" *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

Chicago Title contends that, assuming arguendo Novak can meet her burden to establish a prima facie case, it has articulated a legitimate, non-discriminatory reason for the discharge: Novak closed a real estate transaction, knowing that the accompanying HUD settlement statement was incorrect.[1] According to Chicago Title, her actions amounted to a violation of company policy. Novak admitted to this error in her deposition. She stated that she knew she was not following proper closing procedures. She recognized that, once she had discovered the miscalculation, she was supposed to "stop the closing and get the lender to approve" a corrected statement before moving forward.

Novak argues that there is a genuine dispute of material fact as to whether Chicago Title's proffered reason for termination is pretextual. As evidence of pretext, she points out that similarly situated employees were not discharged, Rasco's initial response to her error was not termination, and her employment history indicates age discrimination. Her contention is unavailing. First, although Rasco explained in his deposition that other escrow officers had made mistakes without being terminated, he distinguished Novak's incident as "intentional," as she knew the HUD statement was incorrect and proceeded to close anyway. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("If the 'difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts* for the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis." (quoting

---

[1] The parties dispute whether Novak has established a prima facie case of age discrimination. As we may "affirm summary judgment on any ground supported by the record," we do not need to address those contentions. *Reed*, 701 F.3d at 438 (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010)).

No. 18-50040

*Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001))). Moreover, he stated that he knew of no other escrow officers that took the same actions as Novak. Next, Rasco did not initially discharge her, but this does not prove pretext as he made no comments in the second meeting (or the first one) that indicated Novak's age was an issue. Finally, Novak's work history does not support her claim of pretext. Besides a couple of questions about when she would retire—neither by Rasco—she stated in her deposition that there were no other age-related comments.

In sum, without more, we cannot conclude that there is a triable issue of fact as to whether Chicago Title's reason for termination was pretextual. *See Jackson*, 602 F.3d at 380; *Ray v. Tandem Computs., Inc.*, 63 F.3d 429, 435 (5th Cir. 1995); *E.E.O.C. v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995).

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.