**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 13, 2012

No. 12-10104

Lyle W. Cayce
Clerk

RONALD P. REED,

Plaintiff-Appellant,

v.

NEOPOST USA, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, GARZA, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Plaintiff-Appellant Ronald Reed appeals the district court's grant of summary judgment on his age-discrimination claims under Chapter 21 of the Texas Labor Code (formerly known as the Texas Commission on Human Rights Act (the "TCHRA")). Because Reed fails to present a genuine issue of material fact that his age was a motivating factor in his termination or that Defendant-Appellee Neopost USA, Inc. ("Neopost") created a hostile work environment, we AFFIRM.

No. 12-10104

I.

Reed worked for Neopost for approximately five years. His position required him to cold-call companies, obtain information regarding their postage equipment, and log that information into a survey. Neopost compensated Reed based, in part, on the number of surveys that he completed each month. In addition, Neopost awarded in-kind bonuses, such as stereo systems and trips, to the employee(s) with the highest survey totals. On the heels of a contest for a cruise getaway, one of Reed's coworkers accused him of submitting falsified surveys. Neopost investigated the allegation, determined that it was meritorious, and terminated Reed's employment.[1] Reed was 60 years old at the time.

According to Reed, certain coworkers called him names like "old man," "old fart," "pops," and "grandpa" at various times in the course of his employment. Reed struggled, however, to always identify who made which comment or when certain comments were made. He never reported the alleged workplace remarks to Neopost and his alleged harassers had no decision-making authority regarding his termination.

Reed filed an age-discrimination claim in Texas state court pursuant to the TCHRA and/or the Age Discrimination in Employment Act ("ADEA").[2] Neopost

---

[1] At the same time, Neopost investigated alleged fraud by five other employees, two of whom were fired (including one that was in the protected class at age 44), and three of whom received warnings (aged 52, 47, and 37). Neopost replaced the three terminated employees with four new hires (aged 52, 51, 41, and 25).

[2] Reed's original petition, filed in state court, did not specify whether he sought relief under state law, federal law, or both. He raised a generic age-discrimination claim, asserting that "all conditions precedent to filing this action for age discrimination under *state* and *federal* law have been met." The district court addressed Reed's claims under the ADEA and, in a footnote, stated: "as the same analysis and evidence applies under the TCHRA, the Court will address only the ADEA claim." Now, on appeal, Reed suggests that he never pled an ADEA claim, stating: "this case is clearly pled under state law." Reed's pleadings are not so clear. In any event, we address this case only under the TCHRA, as Reed has abandoned any potential ADEA claim he may have had.

No. 12-10104

removed the case on diversity and federal question grounds and moved for summary judgment. The district court granted Neopost's motion and entered a final judgment dismissing Reed's claims. Reed timely appealed.

## II.

We review a district court's grant of summary judgment *de novo*. *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 991–92 (5th Cir. 2005). Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A panel may "affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010) (quoting *Holtzclaw v. DSC Comm'n Corp.*, 255 F.3d 254, 258 (5th Cir. 2001)).

On appeal, Reed argues that the district court: (1) used the wrong causation standard in analyzing his termination-based age-discrimination claim under the TCHRA, and (2) erred in granting summary judgment on his hostile work environment claim. We address each argument in turn.

## A.

The Texas Supreme Court recently described the TCHRA in an age-discrimination case, noting its parallel to federal anti-discrimination statutes:

> Under the TCHRA, "an employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer . . . discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." Section 21.051 is effectively identical to Title VII, its federal equivalent, except that Title VII does not protect against age and disability discrimination. (Those forms of discrimination are addressed in separate statutes.) Because one of the purposes of the TCHRA is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964," we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA.

No. 12-10104

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012) (footnotes and internal citations omitted). Where, as here, a plaintiff relies on circumstantial evidence, Texas courts apply the familiar *McDonnell Douglas* burden-shifting framework to age-discrimination claims under the TCHRA. *See id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973) (establishing the three-part procedure for assessing a disparate-treatment claim in the absence of direct evidence of discrimination)); *Hernandez v. Grey Wolf Drilling, L.P.*, 350 S.W.3d 281, 284 (Tex. App.—San Antonio 2011, no pet.).

Under the *McDonnell Douglas* analysis, a plaintiff is entitled to a "presumption of discrimination" if he can meet the "'minimal' initial burden" of establishing a *prima facie* case. *Mission Consol.*, 372 S.W.3d at 633–34 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *Wal–Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003)). "Although the precise elements of this showing will vary depending on the circumstances, the plaintiff's burden at this stage of the case 'is not onerous.'" *Id.* (quoting *Burdine*, 450 U.S. at 253). Upon a showing of a *prima facie* case, the "burden shifts to the employer to show a legitimate, nonretaliatory reason for the adverse employment action." *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). If the employer meets its burden, then the burden shifts back to the plaintiff to make an ultimate showing of intentional discrimination. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005); *Michael v. City of Dallas*, 314 S.W.3d 687, 691 (Tex. App.—Dallas 2010, no pet.).

Here, the district court assumed, without deciding, that Reed articulated a *prima facie* case. Neopost responded with a legitimate nondiscriminatory reason for Reed's termination: that he falsified customer surveys. Thus, the central question facing the court was whether Reed could demonstrate a genuine issue of material fact that Neopost intentionally discriminated against him.

No. 12-10104

Under the TCHRA, Reed could do so by showing "either (1) the reason stated by the employer was a pretext for discrimination, or (2) the defendant's reason, while true, was only one reason for its conduct and discrimination is another motivating factor ('mixed motive')." *See Michael*, 314 S.W.3d at 691 (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548 (Tex. App.—Dallas 2006, no pet.)); *see also Black*, 646 F.3d at 259–60 (stating the TCHRA standard).

Importantly, the TCHRA and the ADEA involve a different causation inquiry at the third stage of the *McDonnell Douglas* analysis. Under the ADEA, a plaintiff must prove that age was the "but for" cause of the challenged adverse employment action. *Moss*, 610 F.3d at 928 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 167, 173–80). Under the TCHRA, however, a plaintiff need only show that age was a "motivating factor" in the defendant's decision. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001)*; see also Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 607 (5th Cir. 2007) ("Under the Texas statute, to establish an unlawful employment practice, [the plaintiff] need only prove that discrimination was 'a motivating factor' in the employer's decision, rather than a 'but for' cause as Title VII requires." (internal citations omitted).[3]

---

[3] In *Gross*, the Supreme Court rejected the application of Title VII's "motivating factor" standard to ADEA cases, holding that an ADEA plaintiff must show that age was the but-for cause of the challenged adverse employment action. *See Moss*, 610 F.3d 928 (citing *Gross*, 557 U.S. at 173–80). In light of *Gross*, one Texas court of appeals has noted that Texas law is "unsettled" with respect to whether or not the "but for" standard applies to pretext-based age-discrimination claims under the TCHRA. *Hernandez*, 350 S.W. at 284 (citing *Houchen v. Dallas Morning News*, No. 3:08-CV-1251-L, 2010 WL 1267221, at *11–12 (N.D. Tex. Apr. 1, 2010)). The *Hernandez* court determined that it does not, noting that the statutory text of the TCHRA, unlike the ADEA, expressly includes the "motivating factor" standard. *Id.* at 285; *see* Tex. Lab. Code Ann. § 21.125(a). We reached the same conclusion in an unpublished opinion. *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 219 n.2 (5th Cir. 2011) (unpublished) (per curiam). Although we note the issue here, we need not address it because Reed's evidence fails to create a genuine issue of material fact under either causation standard.

No. 12-10104

Reed argues that the district court wrongly applied the "but for" ADEA causation standard to his TCHRA claim. A careful review of the district court's opinion suggests otherwise. Although it resolved Reed's TCHRA claim based on the "same evidence and analysis" that it applied to Reed's ADEA claim, the district court expressly evaluated Reed's allegation that Neopost's reason for his termination was "false and pretextual *and that age was a motivating factor*" in Neopost's decision. But even assuming the district court applied the wrong causation standard, summary judgment is appropriate. The evidence on the record is insufficient to create a genuine issue of material fact under either the "but for" or the "motivating factor" standard. After reviewing the record, we agree with the district court's ultimate conclusion that "viewing the evidence as a whole and drawing all reasonable inferences in [Reed's] favor . . . he has created no issue of material fact regarding [Neopost's] discriminatory animus in terminating him."[4]

---

[4] Reed vehemently denies that he falsified the surveys at issue and, instead, argues that the allegations were "instigated by a ring of related employees inside Neopost who wanted to win the award for themselves as a means of taking a free family vacation together." Reed's denial of wrongdoing, standing alone, is insufficient to create a fact issue. "In cases in which an employer discharges an employee based on the complaint of another employee, the issue is not the truth or falsity of the allegation, but '*whether the employer reasonably believed the employee's allegation and acted on it in good faith.*'" *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) (quoting *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993)) (emphasis added); *see also Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004) (concluding that self-serving statements were insufficient to overcome summary judgment); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001) (same); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (same). In addition, to the extent that Reed complains that the real reason for his termination was his coworkers' "setup job" so that they could oust him out of a competition for a free cruise, his claim is not cognizable. The TCHRA does not protect an employee against unfair business decisions, only discriminatory ones. *Cf. Nieto v. L & H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997) (holding that an employee's claim that his employer was "out to get him" because he was successful at "what he was doing," even if true, did not support a discrimination claim, as "Title VII ... do[es] not protect against unfair business decisions[,] only against decisions motivated by unlawful animus."); *accord Jones v. Overnite Transp. Co.*, 212 Fed. App'x 268, 276 (5th Cir. 2006); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("[S]lights or minor annoyances that often take place at work and that all employees experience, . . . personality conflicts at work that generate antipathy" and " 'snubbing' by supervisors and co-workers are

No. 12-10104

We note that Reed relied, in part, on allegedly discriminatory comments by his coworkers in asserting his age-discrimination claim. In evaluating federal discrimination claims, this court has distinguished between workplace comments presented as direct evidence of discrimination and those presented as additional (*i.e.*, circumstantial) evidence in the course of a *McDonnell Douglas* analysis. Where a plaintiff offers remarks as direct evidence, we apply a four-part test to determine whether they are sufficient to overcome summary judgment. *See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996) (holding that "[r]emarks may serve as sufficient evidence of age discrimination if the offered comments are: 1) age related; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue."); *see also Laxton v. Gap*, 333 F.3d 572, 583 n.4 (5th Cir. 2003) (noting that, in light of the Supreme Court's decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), the *CSC Logic* test applies only when a remark is presented as direct evidence of discrimination). Where a plaintiff offers remarks as circumstantial evidence alongside other alleged discriminatory conduct, however, we apply a more flexible two-part test. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000). In that circumstance, a plaintiff need only show (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker. *See Laxton*, 333 F.3d at 583 (citing *Russell*, 235 F.3d at 226).

Here, the district court found that Reed based his claim on circumstantial evidence alone. Reed does not challenge that finding or the application of the *McDonnell Douglas* framework to his age-discrimination claim. Thus, the proper

---

not actionable" under Title VII).

No. 12-10104

inquiry regarding the alleged remarks is the two-part test articulated in *Russell*. *See id.* at 583. The district court applied the *CSC Logic* test, however, emphasizing that the comments were "stray remarks," unrelated to Reed's termination and made by individuals who were not responsible for Reed's termination.[5] Although the court should have applied *Russell,* we agree with its ultimate conclusion: the remarks are insufficient to create a fact issue.[6] They are sporadic, in large part untethered to specific speakers or times, and attributed to harassers who had no responsibility for, or influence over, Reed's termination. Thus, they fail under both *CSC Logic* and *Russell.* Summary judgment was therefore appropriate.

## B.

In his second issue on appeal, Reed contends that the district court erred in granting summary judgment on his hostile work environment claim. Reed

---

[5] We admit that this court's application of this distinction has been somewhat messy, complicating matters for district courts. *Compare, e.g.*, *Jackson*, 602 F.3d at 380 (5th Cir. 2010) (applying the *CSC Logic* test to remarks in assessing whether a plaintiff established a *prima facie* case on a pretext claim) *with Arismendez*, 493 F.3d at 608 (acknowledging the distinction and applying the *CSC Logic* test to a plaintiff's direct evidence of discrimination). That said, some district courts have focused great attention on the distinction. *See Stippick v. Stone & Webster Servs., LLC*, No. H-10-0290, 2011 WL 564081, at *9–10 (S.D. Tex. Feb. 8, 2011); *Acker v. Deboer, Inc.,* 429 F. Supp. 2d 828, 846-47 (N.D. Tex. 2006).

[6] Although it has cited *Russell* , the case adopting the more flexible two-part test, the Texas Supreme Court has not expressly drawn the same direct/circumstantial distinction. *See AutoZone*, 272 S.W.3d at 592–93 (citing *Russell*, 235 F.4d at 226–27). It has applied the *CSC Logic* test to workplace remarks presented as direct evidence of discrimination. *See id.* (citing *Arismendez*, 493 F.3d at 608). Relying on Fifth Circuit law, it has held that "[s]tray remarks, remote in time from [the relevant] termination, and not made by anyone directly connected with the [termination decision], are not enough to raise a fact question about whether [the employer's] reason for terminating [plaintiff] was pretextual." *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 25 (Tex. 2000) (citing *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996); *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir.1993); *Gold v. Exxon Corp.*, 960 S.W.2d 378, 384–85 (Tex. App.—Houston [14th Dist.] 1998, no pet.)). Because Texas courts consistently look to federal case law in interpreting the TCHRA, we apply the distinction here. *See Mission Consol.*, 372 S.W.3d at 633–34. To the extent that a Texas court would apply the *CSC Logic* test on these facts, however, the result would be the same.

8

raised this claim for the first time in his response to Neopost's motion for summary judgment. According to Reed, he could not have raised it any sooner, because our recent decision in *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435 (5th Cir. 2011) "handed down a new standard for age discrimination claims involving a hostile work environment."[7]  Although the deadline to file an amended pleading had passed and Reed had failed to seek leave to pursue a new claim, the district court addressed Reed's hostile work environment claim on the merits. We do the same.

A plaintiff may state a hostile work environment claim under the TCHRA (and, analogously, the ADEA), if he can show that: "(1) he was over the age of 40; (2) the employee was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Dediol*, 655 F.3d at 441 (citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996)); *see also Fletcher*, 166 S.W.3d at 489.

A hostile environment claim is not actionable unless the alleged discrimination is objectively unreasonable. *Dediol*, 655 F.3d at 441 (citing *Crawford*, 96 F.3d at 834–35); *see also Fletcher*, 166 S.W.3d at 489. A workplace environment is hostile when it is "permeated with discriminatory intimidation,

---

[7] In *Deidol*, we expressly held that "a plaintiff's hostile work environment claim based on age discrimination under the ADEA may be advanced in this court." 655 F.3d at 441. *Deidol* was not the first case to touch on this issue. In *Deidol*, we noted that the Fifth Circuit had, at least twice, assumed the existence of a hostile environment claim under the ADEA. *Id.* at 440. In addition, a number of district courts in this circuit had held that a hostile work environment claim was available under the ADEA. *See, e.g.*, *Lacher v. West*, 147 F. Supp. 2d 538, 542–43 (N.D. Tex. 2001); *Graham v. Lear Corp.*, No. 4:00-CV-694-E, 2001 WL 1658076, at \*3 n.2 (N.D. Tex. Dec. 21, 2001); *Scally v. Burlington N. & Santa Fe Ry. Co.*, No. 4:00-CV-1849-A, 2001 WL 1577626, at \*4 (N.D. Tex. Dec. 10, 2001). Most importantly, a Texas appellate court (relying primarily on federal law) held in 2005 that "an age-based hostile work environment claim is actionable under the TCHRA." *City of Hous. v. Fletcher*, 166 S.W.3d 479, 489 (Tex. App.—Eastland 2005, pet. denied).

ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment." *Dediol*, 655 F.3d at 441 (quoting *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)). In assessing whether a claim meets that standard, courts review "all of the relevant circumstances, including the frequency of the conduct, its severity, whether it is physically threatening or humiliating or it is a mere offensive utterance, and whether it unreasonably interferes with the employee's work performance." *Fletcher*, 166 S.W.3d at 489 (citing *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 269 (5th Cir. 1998)); *see also Dediol*, 655 F.4d at 441. "Incidental or occasional age-based comments, discourtesy, rudeness, or isolated incidents (unless extremely serious) are not discriminatory changes in the terms and conditions of a worker's employment." *Fletcher*, 166 S.W.3d at 489 (citing *Butler*, 161 F.3d at 269 n.3).

Reed relies exclusively on the alleged ageist comments discussed above to support his hostile work environment claim under the TCHRA.[8] Specifically, he asserts that various coworkers called him names like "old man," "old fart," "pops," and "grandpa." By his own admission, Reed cannot "always remember who said what and when." Other than the general statement that the comments occurred at various times between 2004 and 2009, we have very little detail regarding their nature and context. Reed presents no evidence that the comments were physically threatening or humiliating. He testified that he "didn't appreciate" the remarks, and responded to them with things like "it takes one to know one" and "back at you." Further, although Reed makes the conclusory statement that the comments interfered with his job performance, he does not indicate *how*. To the contrary, he spends much of his brief reciting the

---

[8] To the extent that Reed relied on the workplace remarks as direct evidence of a hostile environment, the district court correctly rejected them as stray remarks under the *CSC Logic* test. Likewise, they are insufficient circumstantial evidence of discrimination for the reasons discussed above.

No. 12-10104

many awards and accolades he received during his tenure at Neopost. *See, e.g.*, Appellant's Br. at 6 (stating that Reed had "five years of formally recognized exemplary job performance and near-perfect attendance."). On these facts, Reed presents no genuine issue of material fact that Neopost was a hostile work environment for Reed.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.