# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

SHARON CLINE,

> Plaintiff - Appellant

v.

JEFFERSON PARISH,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1956

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Sharon Cline appeals the summary judgment dismissing her age discrimination claims against her employer, Jefferson Parish. We AFFIRM.

I.

Cline has been employed by Jefferson Parish since 1990. Her current position is Administrative Assistant. At age 52, Cline applied for the position

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30129

of Executive Assistant. The Parish selected a 28-year-old employee, Maria Cooper, for that position. Cline filed suit against the Parish, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.[1] The Parish moved for summary judgment, arguing that Cline was not selected for the position because she lacked the technical knowledge and skill required for the position.

The Parish supported its motion for summary judgment with the Executive Assistant job description and several affidavits. According to the job description, the essential functions of the Executive Assistant position include responsibility for the maintenance and updating of all computers, servers, and wiring of the computer network, as well as experience in setting up Excel spreadsheets. Amber Breaux, Cline's immediate supervisor for the previous eight years, stated in her affidavit that although Cline is efficient in her current position, she lacks the technical knowledge, skill, and experience for the Executive Assistant position.

Randy Nicholson, Director for the Jefferson Parish Department of Streets, stated in his affidavit that he made the decision to hire Cooper rather than Cline, because Cooper was the strongest candidate on all levels. He stated that his decision was based on the candidates' skills, experience and qualifications in the light of the job requirements, as well as his personal experience in working with each of them. Based on his direct, personal experience in working with Cooper, he observed her to have extensive knowledge and technical skill in various software programs, network maintenance, and data system development. He stated that he was also aware that Cooper had worked closely with Richard Lamoureux, the former Executive

---

[1] Cline also asserted state law claims, but states in her brief that she has abandoned them.

2

No. 15-30129

Assistant, and took on his duties and responsibilities when he was out on extended leave. Nicholson also had experience working with Cline. When reviewing drainage cost reports that she had submitted, he found them to contain unnecessary information and to lack the information he needed. He stated that he personally observed her limited technical skill while working with her.

Richard Lamoureux stated in his affidavit that he was the former Executive Assistant and retired at age 74. While Cooper served as his administrative assistant, he trained Cooper on the use of the inventory and automotive vehicle locator systems that he had developed for the Department. He stated that he could rely on Cooper to execute tasks efficiently without supervision or monitoring, and that she handled his duties and responsibilities when he was on extended leave for six months.

Cooper's affidavit described her positions with the Jefferson Parish Department of Streets and stated that she had extensive knowledge and skill in all of the various software programs used by the Department.

In opposition to summary judgment, Cline argued that the affidavits presented by the Parish were self-serving and not "hard evidence" that Cooper was more qualified for the Executive Assistant position. Cline asserted that she is qualified for the position and that any shortcomings or lack of experience resulted from the Parish's age-based refusal to allow her the same opportunities to train or get experience that it offered Cooper. She also submitted a certificate reflecting training in Microsoft Excel Basics and claimed knowledge and skill in all relevant software programs as well as network maintenance. In addition, she submitted an unsigned statement and various emails evidencing work that she had performed for the Parish.

The district court granted summary judgment for the Parish. It held that Cline failed to establish a prima facie case because she did not present

3

evidence that she was qualified for the position of Executive Assistant. It held further that, even if Cline had established a prima face case, the Parish offered a legitimate, non-discriminatory reason for selecting Cooper for the position, and Cline failed to offer sufficient evidence to create a genuine issue of material fact that the reason offered by the Parish is a pretext for age discrimination.

## II.

We review the grant of summary judgment de novo. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012). We "draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002) (citing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000)).

When a plaintiff relies on circumstantial evidence to prove age discrimination, we apply the three-part burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case by showing that (1) she was forty years of age or older at the time she was not selected; (2) she was qualified for the position; (3) she was not selected; and (4) either (a) a candidate outside her protected class was selected; (b) someone younger was selected; or (c) she otherwise was not selected because of her age. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005); *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 (5th Cir. 2005). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its decision. If the employer meets that burden of production, the plaintiff, to withstand summary judgment, must offer sufficient evidence to create a genuine issue of material fact as to whether "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Squyres v. Heico Cos.,*

*L.L.C.*, 782 F.3d 224, 231 (5th Cir. 2015) (internal quotation marks and citation omitted).

Cline argues that the Parish provided training to Cooper, but not to her, based on age, and then used that training to justify its decision to hire the younger woman.   She contends that, despite the Parish's effort to keep her from getting the training she needed, she is nevertheless better qualified for the position than Cooper.

The Parish argues that Cline did not establish a prima facie case because she failed to show that she was qualified for the position.  It asserts that the affidavits it presented in support of its motion for summary judgment establish that Cooper was selected for the position because of her technical training, skill, and experience in not just comparable work, but in the actual position for which she interviewed.  Finally, the Parish argues that even if Cline did establish a prima facie case, she failed to rebut the Parish's non-discriminatory reasons with sufficient evidence to permit a jury to find that age was a determinative factor in the decision.

Reviewing the summary judgment evidence in the light most favorable to Cline, we conclude that the district court did not err in granting summary judgment for the Parish.  Assuming, without deciding, that Cline established a prima facie case, she did not present evidence sufficient to demonstrate that a material question of fact exists as to whether the Parish's legitimate, non-discriminatory reasons for selecting Cooper for the position were a pretext for age discrimination.  Evidence that the plaintiff is "clearly better qualified" than the candidate selected can support a finding of pretext.  *See Price v. Federal Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002).  To show that she was "clearly better qualified" than Cooper and raise a fact question as to whether age discrimination was a factor in the Parish's hiring decision, Cline bore the burden of presenting evidence "from which a jury could conclude that 'no

reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (quoting *Deines v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)).   The district court properly concluded that Cline's evidence failed to create a fact issue tending to show that she was "clearly better qualified" than Cooper for the position of Executive Assistant.   Cline's subjective belief that age was the motivation for the training that Cooper received from Lamoureux while serving as his administrative assistant is insufficient to defeat summary judgment. *See Waggoner v. City of Garland, Tex.*, 967 F.2d 1160, 1164 (5th Cir. 1993).

Although she did not raise it as a separate issue, Cline complains throughout her brief that discovery should have been allowed.   She does not, however, cite any record evidence that she requested an opportunity to conduct discovery in the district court. *See* Fed. R. Civ. P. 56(d).   Nor does she explain what evidence she sought to obtain through discovery or how any such evidence would create a genuine issue of material fact. *See Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993).

### III.

For the foregoing reasons, we AFFIRM the judgment of the district court.