# United States Court of Appeals for the Fifth Circuit

No. 21-60198
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2021

Lyle W. Cayce
Clerk

Van Philip East, Jr.,

*Plaintiff—Appellant*,

*versus*

Walgreen Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No: 1:19-CV-139

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Van Philip East, Jr. appeals the district court's summary judgment against him in this employment discrimination lawsuit. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60198

## I. Facts & Procedural History

East, a pharmacist born in 1938, began working for Walgreens in early 2018 after Walgreens purchased the Rite-Aid in Aberdeen, Mississippi and retained all previous employees. On November 12, 2018, a pharmacy technician reported to the store manager, Naomi Whooper, and the pharmacy manager, Terry Hurst, that a few days prior East was rubbing his groin and inviting the technician to sit on his lap. Hurst relayed the report to Nicole Lewis, the district manager, who investigated the report. Lewis interviewed both the technician and East, and East did not deny the technician's account. Lewis ultimately terminated East because of his conduct.

In May 2019, East sued Walgreens alleging age and sex discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Walgreens removed the case from state court to federal court. East subsequently voluntarily dismissed his sex discrimination claim. Walgreens moved for summary judgment on the ADEA claim, which the district court granted. East appeals.

## II. Discussion

We review the district court's grant of summary judgment de novo, and will affirm the district court if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. Nature's Way Marine, L.L.C.*, 904 F.3d 416, 419 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).

East argues that the district court erred in granting the motion for summary judgment, maintaining that there is a genuine factual dispute as to whether he was terminated because of his age. The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate

against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In evaluating employment discrimination claims under the ADEA, courts use the same burden-shifting framework as under Title VII. *McDaniel v. Nat'l R.R. Passenger Corp.*, 705 F. App'x 240, 244–245 (5th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Under this framework, the plaintiff must first make a prima facie case of discrimination, at which point "the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Id.* at 244. (citation omitted). "If the employer articulates a legitimate, non-discriminatory reason for the employment decision, the plaintiff must then be afforded an opportunity to rebut the employer's purported explanation, to show that the reason given is merely pretextual." *Id.* (citation omitted). A plaintiff may show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010)(quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

Neither party disputes that East established a prima facie case of age discrimination. Therefore, the burden shifts to Walgreens to provide a legitimate reason for East's termination. Walgreens's proffered reason is that East's inappropriate comments towards the pharmacy technician violated company policy. As this is a facially non-discriminatory reason, East has the burden of showing that this reason is pretextual. We agree with the district court that East has failed to meet his burden.

East has not disputed the veracity of the pharmacy technician's report. Rather, East attempts to show pretext by relying on alleged statements by Whooper and Hurst. First, he points to deposition testimony

from the pharmacy technician that Whooper told her "one down, two to go" and "we're going to get rid of all these old people" following East's termination.[1] He also points to an email from Hurst to Lewis reporting East's comments to the pharmacy technician that notes that East's "mind may be not all there all the time[.] He is now 80."

Age-related comments may demonstrate pretext if they would allow "a reasonable jury to conclude . . . that age was an impermissible factor in the decision to terminate the employee." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 457 (5th Cir. 2019) (quoting *E.E.O.C. v. Texas Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)). "[W]hen an employee offers workplace comments as circumstantial evidence of age discrimination, the court applies a flexible two-part test, under which the comments must show: '(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 236 (5th Cir. 2015)(quoting *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012)). None of the comments alleged by East can demonstrate pretext.

East has provided no evidence showing that either Whooper or Hurst had any involvement in the independent investigation of East's actions or the subsequent decision to terminate his employment. No reasonable jury could conclude that Whooper and Hurst's comments, respectively occurring before and after Lewis's independent investigation (in which both the

---

[1] The district court determined that these statements were inadmissible hearsay under Federal Rule of Evidence 802. We need not determine whether a hearsay exception applies, however, because even if these statements were admissible they fail to create a question of fact that would preclude summary judgment.

pharmacy Technician and East confirmed that East made inappropriate remarks), were a factor in Lewis's decision to terminate East.

East's argument that Walgreens is liable under a "cat's paw" theory of liability fails for the same reason. "Under this theory, a plaintiff must establish that the person with a retaliatory motive somehow influenced the decisionmaker to take the retaliatory action." *Zamora v. City of Hous.*, 798 F.3d 326, 331 (5th Cir. 2015). This theory of liability requires the impermissible influence to be the proximate cause of the termination. *Id.* at 332. As stated before, East has not disputed that Walgreens terminated East after an independent investigation of East's actions that did not involve either Whooper or Hurst. There is therefore no evidence showing the proximate causation necessary for the cat's paw theory of liability.

East has failed to make any showing that Lewis, the sole decisionmaker regarding his termination, acted with any discriminatory animus. With an absence of evidence of pretext, East fails to meet his burden to survive summary judgment and dismissal of his suit was proper.

## III. Conclusion

For the aforementioned reasons, we AFFIRM the judgment of the district court.