# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-30383
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2023

Lyle W. Cayce
Clerk

Robert Broussard,

*Plaintiff—Appellant*,

*versus*

Stabil Drill Specialties, L.L.C.,

*Defendant—Appellee*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-577

―――――――――――――――――――――――

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff–Appellant Robert Broussard alleges that his former employer, Defendant–Appellee Stabil Drill Specialties, L.L.C. ("Stabil"), demoted and then terminated him in violation of the Age Discrimination in Employment Act ("ADEA"). The district court granted Stabil's motion for summary judgment. Broussard appeals, contending that the district court

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erred by: (1) applying an unnecessarily restrictive causation standard within its prima facie analysis, and (2) discounting evidence of pretext. We review a grant of summary judgment de novo, "applying the same standards as the trial court." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011).

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The familiar *McDonnell Douglas* burden-shifting framework applies to claims under the ADEA. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957, 957 n.4 (5th Cir. 1993) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that framework, a plaintiff must first establish a prima facie case of discrimination by showing that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (citation omitted).[1] The burden then shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the termination." *Id.* Finally, the burden returns to the plaintiff, who must demonstrate by a preponderance of the evidence that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (quoting *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 231 (5th Cir. 2015)). Broussard alleges errors at steps one and three.

---

[1] This test also applies to adverse employment actions other than discharge. *See, e.g.*, *Moss v. BMS Software, Inc.*, 610 F.3d 917, 921 (5th Cir. 2010).

Broussard first complains that the district court applied an unnecessarily narrow standard of causation in concluding that he had not established a prima facie case of discrimination. He contends that the court erroneously required him to allege that he was replaced by someone younger, failing to consider the possibility that he was "otherwise discharged because of his age." *See id.* However, as we have explained, "the precise elements of [a prima facie] showing will vary depending on the circumstances." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (citation omitted). And, while the district court might have omitted the "otherwise discharged" language from its memorandum ruling, it did consider whether Broussard had established causation in this manner, evaluating each instance of discipline for discriminatory motive. We conclude that there was no error in the district court's analysis of Broussard's prima facie case.

Broussard contends secondly that the district court erred at step three of the *McDonnell Douglas* test by discounting evidence of pretext. Broussard asserts that Stabil offered inconsistent reasons for the demotion and dismissal, which is strong evidence that those reasons are mere pretext for discrimination. Broussard is correct that an employer's contradictory or implausible proffered reasons for its actions may establish pretextual motives, but there is no evidence in the record of such inconsistencies. *See Caldwell v. KHOU-TV*, 850 F.3d 237, 242 (5th Cir. 2017). Stabil has repeatedly explained that Broussard was demoted because of a demonstrated lack of management skills and was terminated because of a company-wide reduction in force. Broussard believes that a deposition in which Stabil stated that he was terminated because of his "performance history" establishes inconsistency and thus pretext. But that statement is entirely consistent with Stabil's reduction-in-force rationale, as the termination decisions during that process included a consideration of an employee's prior discipline for poor performance. Even if Broussard had established a prima facie case of

discrimination under the ADEA, he has failed to meet his burden to demonstrate that Stabil's asserted reasons for demotion and termination were pretextual. *See Evans v. City of Hous.*, 246 F.3d 344, 350–51 (5th Cir. 2001).

The district court's grant of summary judgment is AFFIRMED.