# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2025

Lyle W. Cayce
Clerk

No. 24-10208

Abel Garza,

*Plaintiff—Appellant*,

*versus*

Energy Transfer Partners, L.L.C.; La Grange Acquisition, L.P.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-27

_____

Before Haynes, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Abel Garza appeals the summary judgment dismissal of his claims against his former employers under the Texas Commission on Human Rights Act (TCHRA), Tex. Lab. Code §§ 21.001–21.556, and the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301 *et seq*. We affirm.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10208

I.

Garza is a combat veteran who experiences PTSD, anxiety, and depression. In 2015, he began working for La Grange Acquisition, a subsidiary of co-defendant Energy Transfer Partners. In 2019, Garza became a plant operator in the "Powerhouse" of one of La Grange's gas plants, where his duties included managing "alarms and problems." Among the job's "required qualifications" was "react[ing] to high stress/emergency situations in a deliberate, thoughtful, and timely manner." Eventually, Garza found he could not work effectively at the Powerhouse because conditions there—particularly the alarms—triggered his PTSD.

In April 2021, Garza requested accommodations in the form of either reassignment or another employee's assistance. Receiving neither, Garza took short-term disability leave in July 2021. In October 2021, La Grange denied his requests. That same month, Garza applied for a position as a safety representative. He alleges he was told to hold off from pursuing other positions. Meanwhile, despite its policy of favoring internal transfers, La Grange ultimately filled the safety representative role with an external candidate.

On November 2, 2021, La Grange informed Garza that if he could not return to work or obtain an extension of his leave, he would be terminated on January 6, 2022. On January 4, 2022, Garza learned he had not been hired as a safety representative. That same day, he filed an Equal Employment Opportunity Commission (EEOC) charge alleging violations of the Americans with Disabilities Act (ADA), TCHRA and USERRA.[1] On October 11,

_____

[1] Although the parties dispute whether Garza's termination occurred on January 6, 2022, just two days after he filed the EEOC charge, or several months later, this is irrelevant, as discussed below, because he had already been informed of the deadline well before he filed with the EEOC.

No. 24-10208

2022, Garza received a right-to-sue letter from the EEOC and the Texas Workforce Commission Civil Rights Division.

On November 21, 2022, Garza filed this suit in state court against La Grange and Energy Transfer Partners (collectively, "Defendants"). He alleged disability and age discrimination, retaliation, failure to accommodate, and harassment under the TCHRA and retaliation and discrimination under USERRA. Defendants removed the suit to federal court on January 5, 2023. The district court subsequently granted Defendants summary judgment, dismissing all of Garza's claims. *Garza v. Energy Transfer Partners, L.L.C.*, No. 3:23-CV-0027-D, 2024 WL 991588 (N.D. Tex. Mar. 7, 2024). Garza appealed.

II.

We review summary judgments *de novo*, applying the same standard as the district court. *Int'l Marine, L.L.C. v. Integrity Fisheries, Inc.*, 860 F.3d 754, 759 (5th Cir. 2017). Although we "view[ ] all facts and evidence in the light most favorable to the non-moving party," where, as here, "the non-movant is the party who would have the burden of proof at trial, that party must point to evidence supporting its claim that raises a genuine issue of material fact." *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (quotation omitted); Fed. R. Civ. P. 56(a).

III.

A.

We first consider Garza's challenges to the dismissal of his TCHRA claims, which encompass claims for disability discrimination, failure to accommodate, age discrimination, retaliation, and age- and disability-based harassment.

3

No. 24-10208

i.

We begin with Garza's TCHRA claims for disability discrimination and failure to accommodate. To prevail on either claim, Garza must show he is "a qualified individual with a disability." *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 111 n.2 (5th Cir. 2005) (disability discrimination); *Feist v. Louisiana, Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (failure-to-accommodate).[2]

To establish he is a "qualified individual," Garza needed to show that "either (1) [he] could perform the essential functions of the job in spite of [his] disability, or, if [he] could not, (2) that a reasonable accommodation of [his] disability would have enabled [him] to perform the essential functions of the job." *Equal Emp. Opportunity Comm'n v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (quotation omitted). While "reassignment to a different job may be a reasonable accommodation," an employee "bears the burden of proving that an available position exists that he was qualified for and could, with reasonable accommodations, perform." *Moss*, 851 F.3d at 418 (quotation omitted).

Garza fails to make either showing. To begin with, he points to no evidence that he could perform a plant operator's "essential functions" despite his disability. It is undisputed that the position required Garza to respond to alarms and "high stress/emergency situations," and that his PTSD

---

[2] These claims are subject to the same standards as ADA claims. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 n.2 (5th Cir. 2019) ("Because TCHRA parallels the language of the ADA, Texas courts follow ADA law in evaluating TCHRA discrimination claims." (quotations omitted)); *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 582–87 (5th Cir. 2020) (applying ADA standards to TCHRA disability discrimination and failure-to-accommodate claims).

prevented him from performing those functions. Indeed, that is what led him to take disability leave in the first place.

Nor does Garza show he was denied reasonable accommodations. For instance, his request that a coworker be assigned to help him was not something La Grange was required to accommodate. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) (holding that, to accommodate a disabled employee, employers need not, *inter alia*, "reassign existing employees to perform [the employee's] job[], or hire new employees").

Nor does Garza identify a genuine dispute as to whether he was entitled to any transfer positions. While he lists various positions he sought, he points to no evidence that any were "available position[s] . . . that he was qualified for and could, with reasonable accommodations, perform." *Moss*, 851 F.3d at 418 (quotation omitted).[3]

Garza further argues that La Grange failed to engage in a good faith "interactive process" with him. To be sure, "[w]hen an employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, the employer violates the ADA." *Equal Emp. Opportunity Comm'n v. Methodist Hosps. of Dallas*, 62 F.4th 938, 948 (5th Cir. 2023) (quotation omitted). But, as discussed, Garza presented no evidence he was denied any reasonable accommodations in the first place. So,

---

[3] Garza points to Exhibits 1–4 from his summary judgment opposition as evidence of transfer positions for which he was qualified. We disagree. At most, those exhibits suggest La Grange could have substituted other operators for Garza. But La Grange was not required to alter other employees' duties to accommodate Garza. *See Burch*, 174 F.3d at 621. Nor is Garza correct that the district court "refused to consider" the exhibits. In response to Defendants' motion to strike, the district court only stated that it was "not relying on" the exhibits, evidently because they failed to raise a material fact issue as to reasonable accommodations. *See Garza*, 2024 WL 991588, at *2 n.3. The district court did not err in that regard.

No. 24-10208

any purported "failure" in the interactive process could not have led to a failure to accommodate him.[4]

ii.

We next consider Garza's TCHRA claim for age-based discrimination. An employer violates the TCHRA if, "because of . . . age," the employer "discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (quotation omitted).

Garza argues he was fired and failed to receive accommodations because of his age, but the district court held Garza pointed to no evidence that his age motivated these decisions. *Garza*, 2024 WL 991588, at *9. On appeal, Garza identifies no error in the court's ruling.[5]

iii.

We next consider Garza's TCHRA retaliation claim. To make a *prima facie* case of retaliation under the TCHRA, Garza had to show "(1) []he participated in an activity protected under the statute; (2) h[is] employer took an adverse employment action against h[im]; and (3) a causal connection exists between the protected activity and the adverse action."

---

[4] *See Moss*, 851 F.3d at 419 n.3 ("[Plaintiff's] failure to present facts demonstrating that he was qualified under the ADA forecloses his argument that [his employer] impermissibly withdrew from an interactive process when it terminated his employment."); *Silva v. City of Hidalgo*, 575 F. App'x 419, 424 (5th Cir. 2014) ("[E]ven if a genuine issue of material fact exists as to whether the [employer] participated in the interactive process in good faith, its dereliction cannot be said to have *led* to a failure to reasonably accommodate [the employee] because there is no evidence that a reasonable accommodation was feasible.").

[5] Moreover, as discussed, Garza has not shown he was qualified for his former role or any open positions.

No. 24-10208

*Feist*, 730 F.3d at 454. As to the third element, "temporal proximity between protected activity and adverse employment action is sometimes enough to establish causation at the *prima facie* stage." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 527 (5th Cir. 2022) (quotation omitted).

Garza argues that his claim was wrongly dismissed because the "temporal proximity" between his filing the EEOC charge on January 4 and his termination on January 6 constitutes evidence of retaliation. We disagree. The district court correctly found that Garza failed to allege sufficient facts showing a causal link between his termination and his EEOC filing. *Garza*, 2024 WL 991588, at *6. La Grange had already informed Garza on November 2, 2021, that he would be terminated on January 6, 2022, if he did not return to work or get his leave extended. The fact that Garza subsequently filed an EEOC charge two days before the January 6 termination date does not suggest he was fired in retaliation for doing so. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995) (holding that "timing of the adverse employment action can be a significant, although not necessarily determinative, factor" in establishing the causal link).

iv.

Finally, we consider Garza's TCHRA claims for disability- and age-based harassment. The district court held Garza failed to produce any evidence that he was "harassed" in any way, which is a required element for both claims. *Garza*, 2024 WL 991588, at *8–9.[6] On appeal, Garza has failed to show any error in the district court's ruling.

───────────────────

[6] A disability-based harassment claim required showing: "(1) that [Garza] belongs to a protected group; (2) that [he] was subjected to unwelcome harassment; (3) that the harassment complained of was based on [his] disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take

7

No. 24-10208

B.

We turn to Garza's challenges to the dismissal of his USERRA claims, which encompass claims for retaliation and service-related discrimination.

i.

First, the retaliation claim. "USERRA is a federal law that protects employees from being discriminated against by their employers because of their military service." *Garcia-Ascanio v. Spring Indep. Sch. Dist.*, 74 F.4th 305, 309 (5th Cir. 2023) (quotation omitted). The law forbids an employer from "retaliat[ing] against a person by taking adverse employment action against that person because he or she has taken an action to enforce a protection afforded under USERRA." *Ibid.* (quotation omitted). A plaintiff must show that he engaged in an action protected by USERRA and that this action was a "motivating factor" in the adverse employment action. 38 U.S.C. § 4311(c)(2); *see, e.g., Bennett v. Dallas Indep. Sch. Dist.*, 936 F. Supp. 2d 767, 788 (N.D. Tex. 2013) (dismissing a USERRA retaliation claim because "[the plaintiff] fail[ed] to point to any evidence of a connection between his USERRA-protected actions and [his employer's] decisionmaking").

The district court's ruling on this claim mirrored its ruling on the TCHRA retaliation claim. Namely, the court ruled that Garza produced no evidence that his filing the EEOC charge was a "motivating factor" in La

---

prompt, remedial action." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001). Meanwhile, the age-based harassment required showing that: "(1) [Garza] was over the age of 40; (2) [he] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

Grange's decision to fire him. *Garza*, 2024 WL 991588, at *6. We find no error. As with the TCHRA claim, the "temporal proximity" between Garza's EEOC filing and his firing is not evidence of retaliation because, over two months before the charge was filed, La Grange had already given Garza notice that he would be fired on January 6. *See Bennett*, 936 F. Supp. 2d at 788.

ii.

Finally, we consider Garza's USERRA claim of service-based discrimination. Garza had to show that his "membership, application for membership, service, application for service, or obligation for service in the uniformed services [wa]s a motivating factor" in his employer's "denying initial employment, reemployment, retention in employment, promotion, or any benefit of employment." *Garcia-Ascanio*, 74 F.4th at 309. As the district court ruled, however, Garza presented no evidence that would permit a reasonable jury to find he was discriminated against for any of these service-related reasons. On appeal, Garza fails to explain why the district court erred in that ruling.[7]

IV.

The district court's judgment is AFFIRMED.

---

[7] Garza also argues that the district court erred by dismissing his cross-motion for summary judgment "on [Defendants'] affirmative defenses" as moot. Not so. Once the court dismissed all of Garza's claims, his motion challenging Defendants' affirmative defenses necessarily became moot.