# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40373
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2025

Lyle W. Cayce
Clerk

Danny Moore,

                                   *Plaintiff—Appellant*,

                    *versus*

Houston Refining, L.P.,

                                   *Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3880

---

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Danny Moore sued his former employer, Houston Refining, L.P., for violations of the Age Discrimination in Employment Act (ADEA), § 29 U.S.C. 621 *et seq.*, and the Texas Commission on Human Rights Act (TCHRA), Tex. Lab. Code Ann. § 21.001 *et seq.* The district court

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

granted summary judgment to the company. On de novo review, we AFFIRM.

Houston Refining operates a petroleum refinery on the Texas Gulf Coast. Moore's tenure at Houston Refining began in 1989 as a machinist. After twenty years, he worked his way up the company ladder to process operator and remained in that role until he was terminated in 2022. Moore was sixty-one at the time.

Process operators "plan[] for the safe execution of work" on the particular machine to which they are assigned. In his deposition, Moore stated that his assigned machine was "a fluid catalytic cracking unit" and further explained that this equipment "take[s] [crude] oil and heat[s] it up to about 900 degrees." As an operator, it is Moore's responsibility to prepare and issue safety permits relating to work performed on his unit by non-operations personnel. Operators are also responsible for filling out a Job Safety Analysis (JSA) form, which "consists of pre-job questions that are used to help identify and mitigate risks and consequences associated with job tasks." Houston Refining expects operators "to strictly adhere" to these policies and procedures because its machinery work is "extremely safety sensitive."

Towards the end of his tenure at Houston Refining, Moore resigned from the United Steelworkers Union. That decision drew the ire of his (allegedly younger) coworkers, particularly that of Jeff Bellett, a fellow process operator. Moore provided several examples of Bellett's hostility, though none overtly bore on Moore's age. For instance, Moore testified that Bellett at one point said, "I'm not your friend, and I don't want to be your friend and I'm not talking to you." Moore also complained generally that younger coworkers "called [him an] old man a lot of times" because of how long it took him to walk up a flight of stairs. Moore reported Bellett to several

supervisors who, in turn, referred Moore to human resources (HR). A senior HR consultant addressed the situation by outlining to both Moore and Bellett "what is expected from them from a behavioral standpoint." The conflict persisted, though Moore never reported any concerns about age discrimination.

While these complaints were ongoing, on August 22, 2021, Moore "[t]otally cussed [a colleague] out" over the company radio. He admitted fault, expressed remorse, and apologized for his behavior. Houston Refining issued him a verbal warning for his use of profanity in violation of company policy.

Four months later, on January 13, 2022, Moore allowed Glenn Penny, an instrument technician, to unwire a valve on Moore's machine. Penny performed this work without a permit and completed JSA. Houston Refining investigated the safety violations, during which "Moore and Penny blamed the other man." The resulting investigation report recognized both as wrongdoers but noted "issuing permits is the prime responsibility of the Operator." Penny, who had no prior disciplinary infractions, received a five-day suspension. Moore's employment was terminated given the "serious nature" of the violations and his previous disciplinary infraction. Moore received his notice of termination on February 10, 2022.

On June 22, 2022, Moore filed an administrative charge of age discrimination and retaliation with the Equal Employment Opportunity Commission and the Texas Workforce Commission. He initiated state proceedings on September 27, 2022. Houston Refining removed the case on federal question grounds and moved for summary judgment.[1] The district

---

[1] Moore's state-court petition sought relief under Sections 21.051 and 21.055 of the TCHRA for age discrimination and retaliation, respectively. It also alleged that Houston

court granted Houston Refining's motion and entered a final judgment dismissing Moore's claims. Moore timely appealed.

We review grants of summary judgment de novo.[2] Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] All facts and reasonable inferences are viewed in the nonmovant's favor, but "conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party."[4] "A panel may 'affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court.'"[5]

Moore brought his age discrimination claims under the ADEA and TCHRA.[6] *See* 29 U.S.C. § 623(a)(1); Tex. Lab. Code Ann. § 21.051. He also brought a retaliation claim under the TCHRA. *See* Tex. Lab. Code Ann. § 21.055. Because both his federal- and state-law claims rely on circumstantial evidence, they are evaluated under the three-step, burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).[7] Under this framework, Moore bears the initial burden

---

Refining's discriminated against his age "in violation of the [ADEA]"; Houston Refining removed the case to federal court on this basis.

[2] *E.g., Squyres v. Heico Companies*, 782 F.3d 224, 230 (2015).

[3] Fed. R. Civ. P. 56(a).

[4] *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).

[5] *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010)).

[6] Houston Refining's brief states Moore brought only an ADEA claim for discrimination, citing to his administrative charge. This argument was inadequately briefed and contrary to the petition's allegations. *See* Fed. R. App. P. 28(b).

[7] *E.g., Squyres*, 782 F.3d at 231.

of establishing a prima facie case of age discrimination (and retaliation). If he succeeds, the burden of production shifts to Houston Refining to articulate a legitimate, nondiscriminatory (and nonretaliatory) reason for its adverse action against Moore.[8] If it does, then Moore must produce "substantial evidence" that the stated reason is pretextual.[9]

We assume, without deciding, that Moore set forth prima facie claims of age discrimination and retaliation, shifting the onus to Houston Refining to articulate a legitimate, nondiscriminatory and nonretaliatory reason for Moore's termination. It has done so: Moore violated company policy and safety rules when he allowed a non-operator to work on his machine without a permit and completed JSA. Houston Refining considered these safety violations "serious" and, together with his prior disciplinary infraction, justified his termination. Houston Refining submitted evidence supporting this explanation, such as HR's post-incident investigation report, Moore's deposition testimony, and emails relating to Moore's conduct. Houston Refining has produced sufficient evidence to shift the burden back to Moore.

Moore failed to make a substantial showing that his age was causally related to Houston Refining's decision to terminate him.[10] He argues that by terminating him Houston Refining treated him less favorably than similarly situated younger employees. Moore points to Houston Refining's decision to suspend—rather than terminate—Bellett and Penny for their violations of

---

[8] "At this stage, the employer's burden is one of 'production, not persuasion[.]'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)).

[9] *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (2015).

[10] On the ultimate causation inquiry, federal and Texas law diverge. *E.g., Reed*, 701 F.3d at 440. Under the ADEA, a plaintiff must establish that "but-for" age the adverse action would not have occurred. *Id.* But under Texas law, a plaintiff need only show that age was a "motivating factor" in the employment decision. *Id.* Moore's evidence fails to create a genuine issue of material fact under either standard.

company policy. But he fails to establish that Bellett and Penny are similarly situated to him.[11] Moore does not seriously contend that Bellett committed a similar work-rule violation or had any prior, similar disciplinary history. Nor does he dispute that Penny's job entailed different responsibilities than his or that the two had differing disciplinary history. A reasonable jury could not conclude that Houston Refining's stated justification was pretext for age discrimination.

Moore also failed to produce any evidence that Houston Refining fired him in retaliation for reporting Bellett's bullying to HR. Moore expressed only generalized grievances about Bellett, undercutting his argument that Houston Refining retaliated against him for protected conduct.[12] The timing of his firing also is not suggestive of retaliatory intent: his HR complaints, lodged nine months before his firing, are too remote to infer such motive.[13] On this record, a reasonable jury could not find that Houston Refining's justification for firing Moore was pretext for unlawful retaliation.

AFFIRMED.

---

[11] "Employees are similarly situated when they (1) 'held the same job or responsibilities,' (2) 'shared the same supervisor or had their employment status determined by the same person,' and (3) 'have essentially comparable violation histories.'" *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)).

[12] We are doubtful that his HR complaints constitute protected activity under the TCHRA. *See Reed*, 701 F.3d at 440 n.4 (noting that the TCHRA does not protect employees from harassment merely arising from personality conflicts). But even assuming that they do, Moore's evidence of retaliation falls short.

[13] We have previously deemed a lapse of eight-to-ten months between an employee's complaint to HR and his termination insufficient evidence of pretext. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 479 (5th Cir. 2015).