# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 21-20397
Summary Calendar

Leopoldo Mendoza-Gomez,

*Plaintiff—Appellant*,

*versus*

Union Pacific Railroad, Individually and Successor-in-Interest to Southern Pacific Transportation Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4742

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Leopoldo Mendoza-Gomez ("Mendoza-Gomez") appeals the district court's summary judgment in favor of his former employer, Defendant-Appellee Union Pacific Railroad Company

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20397

("Union"). Because we agree with the district court's conclusion that Mendoza-Gomez's claims are barred by a release agreement between the parties, we AFFIRM.

## I. FACTUAL & PROCEDURAL BACKGROUND

Mendoza-Gomez worked for Union as a laborer from 1969 to 1989. He alleges that, while working for Union, he was exposed to various toxic substances including asbestos, silica sand, diesel fumes, and secondhand cigarette smoke. According to Mendoza-Gomez, he was diagnosed with cancer and asbestosis in 2019. Shortly thereafter, he filed this suit against Union in federal district court alleging personal injury claims under the Federal Employers' Liability Act ("FELA") and the Locomotive Inspection Act ("LIA"). Union filed an answer and amended answer to Mendoza-Gomez's complaint asserting that his claims were "barred by the applicable statute of repose, and/or under the doctrines of release, waiver, laches, and/or estoppel." More specifically, Union alleged that in 2012, Mendoza-Gomez pursued an occupational tort claim against Union through a toxic tort litigation firm. To resolve the claim, the parties entered into a release agreement on February 6, 2012, containing the following language:

> [Mendoza-Gomez] agrees to accept said sum as full and complete compromise of any and all Claims which have accrued or which may hereafter accrue in favor of [Mendoza-Gomez] and against [Union] as a result of [Mendoza-Gomez's] alleged illnesses, injuries, cancers, future cancers, diseases, and/or death, or any fears or psychological disorders relating to contracting same, as a result of Alleged Exposures while [Mendoza-Gomez] was employed by [Union]. This release not only includes Claims which are presently existing or known, but also Claims which may develop or

> become known in the future. [Mendoza-Gomez] hereby acknowledges receipt of payment by execution of this Release, and agrees that such consideration is being paid and will be accepted in full, final and complete compromise and settlement of all Claims, demands, actions, injuries, damages, costs and compensation of any kind or nature whatsoever arising out of the subject matter of this Release, being any Alleged Exposure, whether known or unknown, whether or not ascertainable at the time this Release is executed.

The signatures of Mendoza-Gomez and Maria Mendoza-Gomez are on the final pages of the release, along with language indicating that they received the advice of counsel prior to signing. The release was notarized and signed by Mendoza-Gomez's attorney the same day.

Mendoza-Gomez then moved for judgment on the pleadings as to Union's affirmative defense of release. Therein, Mendoza-Gomez argued that Union's amended answer alleging the affirmative defense of release was legally deficient and failed to provide him fair notice of the defense asserted. Union responded and then moved for summary judgment. In July 2021, the district court denied Mendoza-Gomez's motion for judgment on the pleadings and granted summary judgment in favor of Union.

In its order, the district court explained that because Mendoza-Gomez was a party to the release agreement and the agreement related to the claims asserted in his complaint, he had fair notice of what was encompassed in Union's affirmative defense of release. The district court then concluded that Union had sufficiently pled the affirmative defense of release and denied Mendoza-Gomez's motion for judgment on the pleadings. Turning to Union's motion, the district court determined that the plain language of the

No. 21-20397

release barred all of Mendoza-Gomez's claims and granted summary judgment in favor of Union. Mendoza-Gomez filed this appeal.

## II. STANDARD OF REVIEW

We conduct a de novo review of a district court's ruling on a Rule 12(c) motion for judgment on the pleadings. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The standard for deciding such a motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Id.* Our inquiry is whether "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.*

We also conduct a de novo review of a district court's grant of summary judgment. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing FED. R. CIV. P. 56(a)). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "A panel may affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks and citation omitted).

### III. DISCUSSION

On appeal, Mendoza-Gomez argues that: (1) Union waived the affirmative defense of release by failing to provide fair notice of the defense in its answer to the motion for judgment on the pleadings; (2) Union has failed to establish all of the elements of its affirmative defense of release; and (3) the release is void under § 5 of FELA. We disagree.

"Generally, under Rule 8(c) affirmative defenses must be raised in the first responsive pleading." *Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009); FED. R. CIV. P. 8(c). Nevertheless, "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." *Id.* (citation omitted). This court has acknowledged that "an affirmative defense is not waived if the defendant raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* (internal quotation marks and citation omitted). The Supreme Court has explained that the purpose of Rule 8(c) "is to give the opposing party notice of the affirmative defense and a chance to argue why it should not apply." *Id.* at 577–78. "Where the movant bears the burden of proof on an affirmative defense such as release, the movant must establish beyond peradventure *all* of the essential elements of the defense to warrant judgment in his favor." *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010) (internal quotation marks and citation omitted).

A release such as the one between Mendoza-Gomez and Union is considered a contract. *See BP Expl. & Prod., Inc. v. Claimant ID 100281817*, 919 F.3d 284, 287 (5th Cir. 2019). Under Texas law, "[t]o establish contract formation, a party must prove an offer and acceptance and a meeting of the minds on all essential terms." *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016) (internal quotation marks and citation omitted). "In construing a contract, a

court must ascertain the true intentions of the parties as expressed in the writing itself." *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 689 (5th Cir. 2018). To do so, we "examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.* Our analysis begins and ends with the contract's express language. *Id.*

As a preliminary matter, Mendoza-Gomez complains that Union failed to provide sufficient notice of the affirmative defense of release and has thus waived the defense. As the district court observed, however, Mendoza-Gomez signed the release that Union references in its affirmative defense before a notary and pursuant to the advice of counsel. Consequently, Mendoza-Gomez's argument that he did not receive notice of the release or its contents is belied by the record.

Likewise, we reject Mendoza-Gomez's argument that "[b]ecause [Union] redacted the amount of consideration paid from the Release document, it failed, not only on the pleadings, but also in its summary judgment proof." Although Union produced a redacted copy of the release during these proceedings to protect the parties' privacy, the unredacted copy of the release that Mendoza-Gomez signed upon the advice of counsel and before a notary in 2012 provided the settlement amount that he agreed to receive in exchange for signing the release. Union's use of a redacted copy of the release in the district court proceedings does not negate the release's validity as competent summary judgment evidence. Moreover, the express language of the release clearly provides that Mendoza-Gomez accepted the settlement amount as consideration in exchange for his full and complete release of any and all claims, accruing then and in the future, against Union as a consequence of any "alleged illnesses, injuries, cancers, future cancers, diseases, and/or death" that purportedly resulted from Mendoza-Gomez's exposure to toxic chemicals while working for Union. This language is clear

and unambiguous and Mendoza-Gomez's arguments to the contrary are without merit.

We are equally unpersuaded by Mendoza-Gomez's assertion that the release is void under § 5 of the FELA on grounds that the Act prohibits common carriers from exempting themselves from liability through contractual agreements. *See* 45 U.S.C. § 55 ("Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void[.]"). As the Supreme Court has explained in rejecting this precise argument, "[i]t is obvious that a release is not a device to exempt from liability but is a means of compromising a claimed liability and to that extent recognizing its possibility. Where controversies exist as to whether there is liability, and if so for how much, Congress has not said that parties may not settle their claims without litigation." *Callen v. Pa. R. Co.*, 332 U.S. 625, 631 (1948).

In sum, we agree with the district court that the release between the parties constitutes a valid and enforceable contract that bars the claims that

No. 21-20397

Mendoza-Gomez alleges against Union in this suit.[1] *See Huckaba*, 892 F.3d at 689. The district court did not err in denying Mendoza-Gomez's motion for judgment on the pleadings, *see In re Katrina Canal Breaches Litig.*, 495 F.3d at 205, nor did it err in granting summary judgment in favor of Union. *See Sanders*, 970 F.3d at 561.

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED. All pending motions are DENIED.

---

[1] In a recently filed Rule 28j letter, Mendoza-Gomez draws this court's attention to a recent district court opinion involving a similar release to the one here. *See Hartman v. Ill. R.R. Co.*, No. 20-1633, 2022 WL 912102 (E.D. La. Mar. 29, 2022). There, Hartman (a former railroad employee) had previously suffered an injury to his thumb and ultimately settled his claims with the railroad company. *Id.* at *1. In doing so, Hartman signed a release covering future claims of any type against the company, including claims involving alleged exposure to toxic chemicals. *Id.* Years later, Hartman was diagnosed with cancer and filed suit against the railroad. *Id.* The railroad company moved for summary judgment arguing that Hartman's claims were barred by the release. *Id.* The district court disagreed and denied summary judgment. *Id.* at *2. It explained that the release contained "a boilerplate list of hazards to which [the plaintiff] may have been exposed. The Release does not discuss the 'scope and duration of the known risks' or list the 'specific risks' that he faced. The Release therefore does not evince a clear intent by the parties to release Defendant from liability for Plaintiff's cancer." *Id.*

As a preliminary matter, we note that we are not bound by the district court's holding in *Hartman*. Moreover, the facts and circumstances in Mendoza-Gomez's appeal are distinguishable from those in *Hartman*. Unlike Hartman, Mendoza-Gomez's original claim against the railroad company involved his alleged exposure to toxic chemicals—not a thumb injury. Consequently, the release Mendoza-Gomez signed was specific to the types of injuries involved in his original complaint against Union, as well as those he claimed he suffered years later—including "cancers" and "future cancers." In other words, the list of claims Mendoza-Gomez released was not a boilerplate list of hazards unrelated to his current claims and he cannot now claim that the release did not evince his clear intent to release Union from liability for his alleged cancer in this suit. For these reasons, we conclude that *Hartman*, even if controlling, would have no bearing on Mendoza-Gomez's appeal.