# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2024

Lyle W. Cayce
Clerk

No. 23-20485

―――――――――

Nadir K. Durrani,

*Plaintiff—Appellant*,

*versus*

GuideOne National Insurance Company, GuideOne Insurance Company,

*Defendant—Appellee*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3111

―――――――――――――――――――――

Before Higginbotham, Stewart, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Nadir K. Durrani filed this age discrimination suit against his former employer, GuideOne National Insurance Company ("GuideOne"), alleging *inter alia* that he was wrongfully terminated on account of his age. The district court granted summary judgment in favor of GuideOne on grounds that Durrani failed to present sufficient evidence to create a genuine issue of

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

material fact in support of his age discrimination claim. Because the record and applicable law support the conclusion that GuideOne had legitimate, non-pretextual reasons to fire Durrani, we AFFIRM.

## I. FACTUAL & PROCEDURAL BACKGROUND

GuideOne is a business casualty insurance company that offers insurance products to business clients. In December 2019, Mark Groenheide, Senior Vice President of GuideOne's Specialty Division, hired Durrani as Head of Risk Engineering. Durrani is from Pakistan and is also Muslim, and at the time he was hired, he was 63 years old with a little over fifteen years of experience in the insurance industry. Durrani was required to report to Groenheide as his direct supervisor. In July 2020, Randell Thompson ("Thompson") was hired as a risk engineer for GuideOne and was required to report to Durrani.

When Durrani was hired, GuideOne was in the final stages of developing its new Managing General Underwriter service (the "MGU") which, according to GuideOne, digitized the underwriting process for the energy industry. In September 2020, Groenheide hired Adam Berger ("Berger") to run MGU's operations, and at that time, Durrani began to report to Berger. Durrani's duties included writing articles for GuideOne's brokers, insurers, and clients. Durrani worked with Thompson and others on his team to draft the articles. On November 1, 2020, the MGU publicly launched.

On November 2, 2020, Durrani emailed Groenheide and Berger an article titled *Energy Equipment Fire Protection Guide* ("the Fire Article"). Per the usual GuideOne procedures, Groenheide directed Durrani to email a copy of the Fire Article to GuideOne's Deputy General Counsel Sam Waters ("Waters"). Durrani did as he was asked, copying Groenheide, Berger, and

No. 23-20485

the GuideOne marketing department on the email with the Fire Article attached.

After reviewing the Fire Article, Waters notified Groenheide that he noticed a change in writing style within the article that led him to suspect that parts of it had been plagiarized. Waters then determined through a subsequent internet search that a portion of the Fire Article had been taken from another set of copyrighted materials but did not include the proper citations. On November 4, 2020, Waters advised Durrani via email, copying Groenheide and Berger, that he had failed to provide citations to the copyrighted materials in the article and directed him to correct the issue. Upon receiving Waters's email, Durrani stated that Thompson had written the Fire Article, and Berger confirmed with Thompson that he, and not Durrani, had drafted the article.

Concerned that the suspected plagiarism could damage GuideOne's reputation so soon after the MGU was publicly launched, Groenheide instructed Berger to conduct additional research to determine if any other articles that Durrani had submitted had been plagiarized. Berger's subsequent research revealed that another article that Durrani had submitted several months prior titled *Mothballing During the Covid-19 Pandemic* ("the Mothballing Article") had also been partially plagiarized.

Later that day, Groenheide, Berger, Senior Vice President of Human Resources Patti Meyer, and Director of Human Resources Katie Johnson, met to discuss the plagiarism in the articles and determined that both Durrani and Thompson should be terminated. That evening, Johnson and Berger called Durrani and terminated him, explaining that he was being terminated as a result of the two plagiarized articles. According to Durrani he was unaware of any plagiarism and because five or six people worked on each article, it was impossible to determine who inserted the language that

GuideOne claims was plagiarized. Durrani further explained in his deposition testimony that if anything was in the articles "that was added by somebody else, I do not see, you know, taking responsibility for that."

Johnson and Berger then called Thompson and informed him that he was being terminated as a result of the plagiarism in the Fire Article. Thompson denied plagiarizing the Fire Article and asserted that all of the sources in the article had been properly cited when he wrote it. GuideOne subsequently determined that he did attempt to cite his sources, although he did so incorrectly. For that reason, Groenheide decided to reinstate Thompson's employment.

On August 12, 2021, Durrani filed suit against GuideOne in Harris County District Court alleging claims of discrimination on account of his race, religion, color, national origin, and unlawful retaliation under the Texas Commission on Human Rights Act ("TCHRA"). *See* TEX. LAB. CODE ANN. § 21.051, *et seq*. In September 2021, GuideOne removed Durrani's suit to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1332. In September 2022, GuideOne moved for summary judgment, and Durrani filed a response in October 2022. GuideOne then filed a reply to Durrani's response and Durrani moved to strike GuideOne's reply on grounds that it exceeded the page limitation and also contained additional exhibits in support of its arguments that were not part of the original summary judgment record.

On August 16, 2023, the district court entered an order granting summary judgment in favor of GuideOne, and dismissing Durrani's claims with prejudice.[1] In its order, the district court first denied in part Durrani's motion to strike, explaining that it had previously granted GuideOne's

_____

[1] The district court entered its final judgment on September 5, 2023.

4

motion to exceed the page limitation. It then granted in part Durrani's motion to strike, agreeing that the appendix and exhibits attached to GuideOne's reply contained new evidence.

The district court then explained that although GuideOne moved for summary judgment as to all of Durrani's claims, Durrani's response only defended his age discrimination claim. Accordingly, because Durrani had failed to "put forth any arguments or evidence to create a fact question regarding his race, national origin, color, and religious discrimination and retaliation claims," the district court held that he had abandoned them and granted summary judgment in favor of GuideOne as to those claims. It then went on to analyze the merits of Durrani's age discrimination claim and concluded that he failed to establish a prima facie case and consequently, the claim failed as a matter of law. Durrani filed this appeal on October 2, 2023.

## II. STANDARD OF REVIEW

We conduct a de novo review of a district court's grant of summary judgment. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing FED. R. CIV. P. 56(a)). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A plaintiff's subjective beliefs, conclusory allegations, speculation, or unsubstantiated assertions are insufficient to survive summary judgment. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "A panel may affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks and citation omitted).

## III. DISCUSSION

On appeal, Durrani argues that the district court erred in dismissing his claims because he presented both direct and circumstantial evidence of age discrimination.[2] Specifically, Durrani alleges that during a meeting on September 24, 2020, Groenheide stated, "[G]oing forward, we're going to hire younger employees. Older workers are lazy. They like the status quo. Younger employees are more productive." According to Durrani, these comments proved that Groenheide preferred young employees to old employees and outlined a concrete plan for the future to hire young employees. Durrani concludes that this "is stunning proof of direct evidence of age discrimination." In the alternative, Durrani argues that these comments constitute circumstantial evidence of age discrimination.

As a preliminary matter, we note that the district court relied on both state and federal case law in its analysis, observing that "the TCHRA has been interpreted to be effectively identical to Title VII and the Age Discrimination in Employment Act, its federal equivalents." We agree with the district court's assessment of the applicable law and thus apply it the

---

[2] As he had before the district court, Durrani does not brief any arguments on appeal relating to his original complaint's allegations of retaliation or discrimination on account of his race, national origin, color, or religion. His claims as to those issues are therefore also waived before this court. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.").

same herein. *Reed*, 701 F.3d at 439; *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 & n.2 (5th Cir. 2015).

### A. Direct Evidence

"The ADEA and the TCHRA both prohibit an employer from discharging an employee on account of that employee's age." *Goudeau*, 793 F.3d at 474 (citing 29 U.S.C. § 623(a)(1); Tex. Lab. Code Ann. § 21.051). "In employment discrimination cases, a plaintiff may rely on direct or circumstantial evidence, or both." *Price v. Valvoline*, 88 F.4th 1062, 1065 (5th Cir. 2023) (citing *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010)). "Direct evidence of discrimination . . . prove[s] the existence of a fact . . . without any inferences or presumptions." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 456 (5th Cir. 2019) (quoting *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993)). Direct evidence most often takes the form of a discriminatory comment "directly connected" to the employee's termination. *Id.* (citing *Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010)).

"[I]n order for comments in the workplace to provide sufficient evidence of discrimination, they must be '1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the [complained-of adverse employment decision]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.'" *Rubinstein v. Admins. of the Tulane Ed. Fund*, 218 F.3d 392, 400–01 (5th Cir. 2000). "A statement . . . which shows on its face that an improper criterion served as a basis . . . for the adverse employment action is direct evidence of discrimination." *Price*, 88 F.4th at 1065 (internal quotation marks and citations omitted). If an employee "presents direct evidence of [age]-based discrimination, 'the burden of proof shifts to the employer to establish by a preponderance of the evidence that

the same decision would have been made regardless of the forbidden factor.'" *Price*, 88 F.4th at 1066 (quoting *Etienne v. Spanish Lake Truck & Casino Plaza, LLC*, 778 F.3d 473, 475 (5th Cir. 2015)).

Here, the district court determined that the first three elements were satisfied because (1) Durrani was 63 years old when Groenheide made the age-related comments at the meeting; (2) Groenheide's comments were made approximately 41 days prior to Durrani being terminated; and (3) Groenheide made the comments and also made the final decision to terminate Durrani. Nevertheless, it concluded that the fourth element was not met because Groenheide's comments did not relate to Durrani's termination.

Although the record supports that Groenheide made the alleged comments comparing younger and older workers, Durrani has failed to put forth evidence showing that the comments were related to Groenheide's decision to fire him. The record reflects that GuideOne's decision to investigate Durrani's work, which ultimately led to his termination, was based solely on GuideOne management's suspicion that Durrani had submitted plagiarized articles. There is nothing explicitly tying Groenheide's comments to the termination decision. Indeed, the only evidence that Durrani offers is that Groenheide made the comments. Nonetheless, because an inference or presumption would have to be made to conclude that the comments somehow served as a basis for Groenheide's decision to fire Durrani, they fail to qualify as direct evidence under this court's precedent. *See Rubinstein*, 218 F.3d at 401 ("In this case, [the plaintiff] fails to offer evidence that the comments he complains of . . . are related to the employment decisions at issue. The only evidence he offers is that the comments were, in fact, made."). For these reasons, we hold that the district did not err in concluding that Durrani failed to show that Groenheide's age-

related comments were direct evidence of age discrimination. *Id.* at 400–01.

### B. Circumstantial Evidence

"If the plaintiff cannot prove his case with direct evidence of discriminatory motive, he can still rely on [circumstantial] evidence." *McMichael*, 934 F.3d at 456. Circumstantial evidence of age discrimination is analyzed under the burden-shifting analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Allen v. USPS*, 63 F.4th 292, 300–01 (5th Cir. 2023) (citation omitted). To establish a prima facie case of age discrimination, an employee must show that "(1) [he] was discharged, (2) [he] was qualified for the position, (3) [he] was within the protected class when he was discharged, and (4) [he] was 'either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.'" *Id.* at 301. In cases involving circumstantial evidence, remarks may be "considered as part of a broader circumstantial case" if the comments show a discriminatory animus and were made by a person who is primarily responsible for the employee's termination. *Goudeau*, 793 F.3d at 475 ("In a circumstantial case like this one, in which the discriminatory remarks are just one ingredient in the overall evidentiary mix, we consider the remarks under a 'more flexible' standard.").

If the employee succeeds on his prima facie showing, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employee's termination. *Allen*, 63 F.4th at 301. If the employer does so, the burden shifts back to the employee to show that the articulated reason is pretextual. *Id.* Pretext may be shown "either through evidence of disparate treatment" or by showing that the employer's "proffered explanation is false or 'unworthy of credence.'" *Id.* (quoting *Moss*, 610 F.3d at 922). An employee's "prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to

conclude that the employer unlawfully discriminated." *Id*. (citing *Goudeau*, 793 F.3d at 476).

Here, the district court held that Durrani met the first three elements of his prima facie case because he was able to show that he: (1) was terminated; (2) was qualified for the position; and (3) was over 40 years old when he was terminated. As to the fourth element, however, the district court observed that he again fell short because he did not allege or provide any evidence showing that he was replaced by someone younger than him or otherwise terminated because of his age.

Assuming arguendo that Groenheide's age-related comments constitute circumstantial evidence of discrimination in this case, the record reflects that GuideOne has met its burden under the *McDonnell Douglas* framework which requires it to show a legitimate, nondiscriminatory reason for Durrani's termination—here, the plagiarism that was discovered in the two articles. *Allen*, 63 F.4th at 301. After GuideOne met its burden, the burden then shifted back to Durrani to show that GuideOne's proffered reason was pretextual. *Id*. But Durrani has failed to produce anything other than a singular instance of Groenheide's age-related comments, and we have already determined herein *supra* that Durrani has failed to put forth evidence showing that the comments were related to his termination. Durrani's

evidence is thus insufficient to show that GuideOne's proffered reason for his termination—his plagiarism—was pretextual. *Id.*[3]

For these reasons, we uphold the district court's summary judgment in favor of GuideOne dismissing Durrani's claim.[4][5] *Sanders*, 970 F.3d at 561.

---

[3] To the extent Durrani attempts to make an argument regarding disparate treatment due to GuideOne's decision to rehire Thompson, we are also unpersuaded. "[T]o establish disparate treatment a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances." *Okoye v. Univ. of Tex. Hous. Health Science Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001). Said differently, "the misconduct for which [the plaintiff] was discharged was nearly identical to that engaged in by [the] . . . [other] employee[]." *Id.* As explained herein *supra*, the record reflects that the circumstances under which Durrani and Thompson were fired, and then Thompson rehired, were not "nearly identical." *Id.* As an initial matter, Thompson was able to defend himself against GuideOne's accusations of plagiarism with respect to the Fire Article by providing evidence that he attempted to cite his copyrighted sources, even though he did so incorrectly. Durrani on the other hand, provided no such defense when GuideOne accused him of plagiarism with respect to either article. As to the Fire Article, Durrani only responded that it had been Thompson, and not him (Durrani), that drafted the Fire Article. With respect to the Mothballing Article, the record contains no evidence that Durrani defended against the allegations of plagiarism against him. In fact, his primary defense on appeal as to both articles is that others on his team worked on the articles with him, contributing to the plagiarism. Accordingly, he cannot establish that GuideOne gave "preferential treatment to another employee under nearly identical circumstances." *Id.*

[4] Although Durrani makes a number of miscellaneous complaints in his brief, such as that Groenheide treated him disrespectfully, would not take his calls, was "obsessed with employee ages," and denied him time off to spend with his family, these issues are irrelevant to Durrani's claim of age discrimination and thus we do not consider them.

[5] In light of our aforementioned holding, it is not necessary that we address GuideOne's arguments related to whether the district court erred in partially granting Durrani's motion to strike. For the same reason, we need not consider GuideOne's alternative arguments in support of its position on appeal, *i.e.*, its legitimate non-discriminatory basis for its employment decisions or the same-actor presumption of non-discrimination.

No. 23-20485

## IV. CONCLUSION

The district court's summary judgment in favor of GuideOne and its final judgment dismissing Durrani's claims with prejudice are AFFIRMED.