# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50344

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

MICHAEL ALLEN,

*Plaintiff—Appellant*,

*versus*

FEDEX GROUND PACKAGE SYSTEM, INCORPORATED,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-1101

———————————————————————

Before KING, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Michael Allen sued his former employer for age discrimination after being accused of violating the company's weapons policy and terminated. The magistrate judge granted summary judgment in favor of the employer. Because we find that Allen fails to present a genuine issue of material fact that age was a motivating factor in his termination, we AFFIRM.

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50344

## I.

Plaintiff-Appellant Michael Allen was employed by Defendant-Appellee FedEx Ground Package System, Inc.[1] as a Pickup and Delivery Manager (PDM) in the South Austin Station. Allen transferred to this position in 2020 but had worked for FedEx in other locations and roles since 2016. As a PDM, Allen was hired by, and reported directly to, Steven Shelton, the Senior Manager of the South Austin Station. Allen split his responsibilities with two other PDMs who reported to Shelton, Alex Spivey and Crystal Elorduy[2].

Allen, who was born in September 1964, sensed that Spivey and Elorduy were withholding information from him and denying him responsibilities because of his age, and reported his concerns to Shelton and Human Resources at some point. In particular, Allen reported that Spivey told Allen that he is old and does not retain information. Matt Tamayo, a contractor who worked with the PDMs and Shelton, confirmed that Spivey and Elorduy made similar comments to him. Tamayo also stated that Shelton told Tamayo that Allen "doesn't know what he's talking about, he can't retain the information." Shelton admits that Spivey and Elorduy came to him with concerns about Allen's performance, and Shelton responded by speaking with Allen to ensure Allen knew what he was doing.

On Sunday, May 16, 2021, Andy Munoz, another employee at the South Austin Station, walked into Allen's office, reached into his backpack, started pulling out a box, and said, "I just picked up this gun." Allen responded by telling Munoz "[y]ou cannot have that gun in the building"

_____

[1] Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc.

[2] We note that "Elorduy" is sometimes spelled "Eldoruy" in the record.

and "need to take it out of here right away." Allen assumed Munoz then took the gun outside, because he saw Munoz walking out. This occurred about one month after a mass shooting at another FedEx facility.

Relevant here, FedEx has a weapons policy that "strictly prohibits the possession of firearms and other weapons on its premises." If "an employee with a firearm or weapon is discovered," the policy requires that management take certain enumerated actions, such as, "[a]sk the individual to place the weapon into a divesting tray and remain in the screening area"; "[t]ake a picture of the weapon"; and "[n]otify FedEx Express Security or FedEx Ground station/hub management if FedEx Express Security is not available." "Any employee that has potentially violated the weapons policy must immediately be placed on paid suspension." FedEx Security "must complete an investigation of the incident and provide a written report." "All weapon violations are to result in termination of employment."

At the time Munoz showed Allen the gun, the two were alone in the building, but Shelton explained that both he and FedEx Security are accessible by cell phone, and those numbers are readily available and posted on an emergency contact list. Allen did not immediately report the incident to Shelton or security. Instead, Allen reported the incident to Hendrick the next time Hendrick was working, a few days later. According to Allen, Hendrick responded that he would report it to Shelton and security. Shelton eventually learned of the incident and informed security on May 20.

A FedEx Security Specialist then interviewed Munoz, Allen, and Hendrick and prepared a report that reflects the following. First, Munoz admitted to bringing the firearm and returning it to his vehicle an hour after showing it to Allen. Munoz resigned shortly after being suspended. Second, Allen reported that Munoz said it was a BB gun, and admitted he did not contact anyone about the incident until May 19, when he told Hendrick. Allen

stated he was unaware of how to handle the incident and thought he followed proper protocol by telling Hendrick, who managed Munoz. Allen was advised that he should have immediately informed Shelton or security, and was placed on investigative suspension by Shelton on May 20. Finally, Hendrick explained that when Allen informed him of the incident, he assumed Allen had made Shelton aware of the incident.

Shelton notified Allen that his employment with FedEx was terminated on June 1, 2021. Shelton's manager, Michael Keeler, made the final decision to terminate Allen. Keeler stated that Allen's violation of the weapons policy was the "sole reason for this decision" and neither Spivey nor Elorduy had any input. Allen contends that Spivey and Elorduy took over his responsibilities after his termination.

Allen also asserts that Shelton occasionally kept a gun in his car in the FedEx parking lot. Shelton was investigated for carrying a gun onto company property after Allen was terminated, and believes Allen reported him. Shelton told security he did not carry a gun on FedEx premises. Nothing further came of the investigation.

Allen filed suit against FedEx in state court, alleging age discrimination in violation of Chapter 21 of the Texas Labor Code (formerly known as the Texas Commission on Human Rights Act (the "TCHRA")). FedEx removed under diversity jurisdiction. With the consent of both parties, the case was transferred to a magistrate judge for all proceedings and entry of final judgment. The magistrate judge granted FedEx's motion for summary judgment finding (1) that Allen failed to make a prima facie showing of discrimination, and (2) even if Allen had met his prima facie burden, he

failed to show FedEx's proffered non-discriminatory reason for termination, violation of the weapons policy, was pretext. Allen timely appealed.

## II.

This court reviews grants of summary judgment de novo. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## III.

Like the Age Discrimination in Employment Act (ADEA), the TCHRA prohibits an employer from discharging an employee on account of the employee's age. *Dabbasi v. Motiva Enterprises, L.L.C.*, 107 F.4th 500, 505 (5th Cir. 2024). Where, as here, a plaintiff relies on circumstantial evidence, this court applies the familiar *McDonnell Douglas* burden-shifting framework. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).

The *McDonnell Douglas* framework has three possible steps. *Dabbasi*, 107 F.4th at 505. "First, a plaintiff must establish a *prima facie* case by demonstrating the following: '(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his

age.'" *Id.* (quoting *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010)). "Second, if a *prima facie* case is shown, 'the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision.'" *Id.* (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). "Third, if the employer satisfies that obligation, the burden shifts back to the plaintiff to show the employer's reason was pretextual." *Id.*

Our analysis turns on the third step. The parties dispute whether the district court correctly found that Allen did not establish a prima facie case of discrimination. Regardless, FedEx has proffered a legitimate, non-discriminatory reason for Allen's termination: violation of the weapons policy. Assuming, without deciding, that Allen has established a prima facie case, we find the district court correctly granted summary judgment in favor of FedEx because Allen has not created a genuine issue of material fact that FedEx's stated reason was pretextual. *See Evans v. City of Houston*, 246 F.3d 344, 350–51 (5th Cir. 2001) (finding plaintiff failed to show pretext and declining to address whether plaintiff established a prima facie case).

Because the TCHRA mirrors federal law, analogous federal statutes, in this case the ADEA, and the cases interpreting them, guide our analysis. *See Reed*, 701 F.3d at 439 (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012)). The same standards apply to both the ADEA and the TCHRA, except at the final "pretext" stage of the *McDonnell Douglas* analysis. *Dabbasi*, 107 F.4th at 505. While the ADEA requires that discrimination be the "but-for" cause of the employment action, the TCHRA causation standard is less demanding. *Id.* at 507. Under the TCHRA, a plaintiff can prove discrimination "by establishing that either (1) the reason stated by the employer was a pretext for discrimination, or (2) the [employer's] reason, while true, was only one reason for its conduct and

discrimination is another motivating factor." *Id.* (quoting *Goudeau*, 793 F.3d at 476).

To meet this burden, a plaintiff may rely on "evidence of disparate treatment" or show that an "employer's explanation is unworthy of credence." *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). "[C]omments showing discriminatory animus" may also demonstrate pretext. *Goudeau*, 793 F.3d at 477. Allen relies on each of these three methods, but falls short of demonstrating a genuine issue of material fact that age was a motivating factor in his termination.

First, Allen argues the evidence shows that his co-workers Spivey and Elorduy expressed discriminatory animus toward him and influenced the decisionmaker Shelton. "[W]hen an employee offers workplace comments as circumstantial evidence of age discrimination, the court applies a flexible two-part test, under which the comments must show: '(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker.'" *Squyres v. Heico Companies, L.L.C.,* 782 F.3d 224, 236 (5th Cir. 2015) (quoting *Reed*, 701 F.3d at 439). Allen fails to meet the second element.

To start, Allen argues only that Spivey and Elorduy influenced Shelton, but the summary judgment evidence shows that Keeler made the final decision to terminate Allen. Furthermore, Allen does not point to any evidence indicating that Spivey and Elorduy influenced Keeler's decision, either directly or through Shelton. Instead, Allen merely asserts that Keeler's knowledge of the weapons policy incident came from Shelton, and speculates that Shelton would have decision-making authority as the onsite manager. This is insufficient to demonstrate a genuine fact dispute over whether Shelton had influence or leverage over Keeler. *Compare Williams v. Waste*

*Mgmt., Inc.*, 818 F. App'x 315, 323 (5th Cir. 2020) (finding evidence insufficient where plaintiff's manager provided decisionmaker with information underlying termination and made discriminatory remarks in decisionmaker's presence) *with Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 228 (5th Cir. 2000) (finding evidence sufficient where coworker issued ultimatum to decisionmaker threatening to quit if plaintiff was not fired, and coworker received preferential treatment as the son of the CEO).

Second, Allen contends that he did not violate the weapons policy, because he did not bring a weapon onto the property, and he reported the incident to Munoz's manager. The weapons policy prescribes actions for management to take upon discovery of a weapon on the premises, such as photographing the weapon and notifying security, and the summary judgment evidence conclusively establishes that Allen failed to take those actions. The security report, noting that Allen was advised that he should have informed security or Shelton, further supports that Allen's failure to act violated the policy. Allen's arguments to the contrary are insufficient to suggest that FedEx lacked "a good faith belief that [he] violated company policy." *See Eaglin v. Tex. Children's Hosp.*, 801 F. App'x 250, 257 (5th Cir. 2020).

Third, Allen argues that he received disparate treatment, because Shelton also violated the weapons policy but was not fired. Shelton's alleged violation is not probative evidence of age discrimination for two reasons. First, the facts of the two weapons policy incidents are substantially different. *See Morrison v. Weyerhaeuser Co.*, 119 F. App'x 581, 586 (5th Cir. 2004). Allen admitted to the basic facts underlying his incident, while Shelton denied ever having a gun on company premises. Second, because Shelton is older than

Allen, the incident cannot show someone outside of Allen's protected class received favorable treatment. *See id.*

In sum, Allen has failed to demonstrate a genuine issue of material fact as to whether age discrimination was a motivating factor in FedEx's decision to terminate him. The judgment of the district court is AFFIRMED.