# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2025

Lyle W. Cayce
Clerk

No. 25-10242

John Stancu,

*Plaintiff—Appellant*,

*versus*

HRI Lodging/Hilton Garden Inn,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-2566

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Appellant John Stancu filed suit against his former employer, asserting various statutory and constitutional violations. After accepting the magistrate judge's recommendation, the district court dismissed his *pro se* complaint. Finding no error in the district court's judgment, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10242

I

Stancu alleges that while an employee of Defendant-Appellee HRI Lodging/Hilton Garden Inn (HRI), his supervisor made various derogatory comments about his age, referring to him as a "geezer," "boomer," or "granpa," and suggested he should move into a retirement home. Further, Stancu alleges that after he filed for an accommodation under the Americans with Disabilities Act (ADA) for a reduced work schedule, HRI only allowed him to work a reduced schedule for one day. After that first day, Stancu alleges his tools were stolen from his toolbox, and his supervisor told him not to clock-in until a police report was complete. Stancu alleges that he received an error message when attempting to clock in on the following days, making it "clear that Defendant terminated [his] employment." In response, Stancu "engaged in protests in front of the Defendant's hotel," where he was allegedly threatened by a masked man with a gun who exited the hotel. Stancu filed a pro se suit, alleging HRI violated the Age Discrimination in Employment Act of 1967 (ADEA), the ADA, and the First Amendment. After the district court dismissed his claims, Stancu timely appealed.

II

We begin with Stancu's First Amendment claim and retaliation claims under the ADEA and ADA. By failing to brief these issues on appeal, Stancu has abandoned them. *See MacArthur v. Univ. of Texas Health Ctr. at Tyler*, 45 F.3d 890, 895 (5th Cir. 1995); *Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995). Further, although Stancu at least uses the words "wrongfully terminated" in his brief, he fails to address how the district court erred in addressing his wrongful termination claims and therefore has abandoned them as well. *See Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *2 n.8 (5th Cir. Oct. 15, 2024) ("[T]he mere mention of a claim, without explaining how the district court erred, does not adequately address the

argument on appeal and is waived." (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

As to Stancu's hostile work environment claim under the ADEA, Stancu's references to being called "geezer" and the like, absent any indication of how they interfered with his job performance, are insufficient to state a claim. *Cf. Reed v. Neopost USA, Inc.*, 701 F.3d 434, 443 (5th Cir. 2012). Nor has Stancu alleged a sufficient link between any of the purportedly hostile aspects of his work environment and his disability, defeating his ADA claim. *See Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 248 (5th Cir. 2025) (noting that to state a hostile work environment claim under the ADA, a plaintiff must sufficiently allege "the harassment was based on [his] disability").

Stancu further argues that the district court's dismissal of his case violated the Fifth and Seventh Amendments. As to Stancu's Seventh Amendment argument, "dismissal of [his] claims pursuant to a valid 12(b)(6) motion does not violate [his] right to a jury trial under the Seventh Amendment." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014). And Stancu's frustration with the outcome of his lawsuit does not make a colorable due process claim.

## III

Because Stancu has demonstrated no error on the part of the district court, we AFFIRM.